UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THE ASSOICATED PRESS, STATES NEWSROOM d/b/a Indiana Capital Chronicle, GANNETT CO., INC., CIRCLE CITY BORADCASTING I, LLC, and TEGNA INC.,<br>   *Plaintiffs*,<br> v.<br>WARDEN RON NEAL, *in his official capacity as the Superintendent of Indiana State Prison,* and COMMISSIONER LLOYD ARNOLD, *in his official capacity as the Commissioner of the Indiana Department of Correction,*<br>   *Defendant.* | No. 1:25-cv-872-JMS-MJD |

## MOTION TO TRANSFER

Defendants, Warden Ron Neal and Commissioner Lloyd Arnold, move the Court under 28 U.S.C. § 1404(a) to transfer this action from the Southern District of Indiana to the South Bend Division of the Northern District of Indiana for the following reasons:

 1. On May 5, 2025, Plaintiffs filed a civil complaint in the Court under 42 U.S.C. § 1983 challenging Indiana Code Section 35-38-6-6(a) and Indiana State Prison Facility Directive ISP 06-26.

 2. Plaintiffs assert that the statute and rule "prohibit Plaintiffs and other, similarly situated members of the press from attending and observing a governmental proceeding." Dkt. 9 ¶ 3. They don't. Instead, the challenged statute and rule specify the number and categories of witnesses to executions.

3. Plaintiffs filed their civil complaint in this Court, the Indianapolis Division of the Southern District of Indiana, asserting the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. Dkt. 1 ¶ 6. Plaintiffs filed an amended complaint making the same assertion. Dkt. 9 ¶ 6. They further suggest that venue is proper in the Southern District because all Defendants are residents of Indiana and Defendant Lloyd Anderson resides in the Southern District in his official capacity as the Commissioner of the Indiana Department of Correction. Dkt. 9 ¶ 7.

3. This case should be transferred to the South Bend Division of the Northern District of Indiana where "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2) ("A civil action may be brought in … a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated ….").

4. So while venue may be strictly legally compliant, a party may move to transfer venue in accordance with 28 U.S.C. § 1404(a) for the "convenience of parties and witnesses" or "in the interest of justice." *See Atlantic Marine Coast. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 59 (2013) ("Unlike § 1406(a), § 1404(a) does not condition transfer on the initial forum being 'wrong.'"). Transfer is appropriate here for the convenience of the parties and witnesses.

5. With respect to the convenience evaluation, courts generally consider the availability of and access to witnesses, and each party's access to and distance

from resources in each forum. *See, e.g., Schumacher v. Principal Life Insurance Co.*, 665 F.Supp.2d 970, 977 (N.D. Ind. 2009); *Jaramillo v. DineEquity, Inc.*, 664 F.Supp.2d 908, 913–15 (N.D. Ill. 2009). Other related factors include the location of material events and the relative ease of access to sources of proof. *See, e.g., Sassy, Inc. v. Berry*, 406 F.Supp.2d 874, 876–77 (N.D. Ill. 2005); *Brandon Apparel Group, Inc. v. Quitman Manufacturing Co.*, 42 F.Supp.2d 821, 833–34 (N.D. Ill. 1999).

6. The core concerns in Plaintiffs' complaint arise out of the Northern District of Indiana. Indiana State Prison is in LaPorte County, Indiana, which is included in the South Bend Division of the Northern District of Indiana. 28 U.S.C. § 94(a)(2). Warden Ron Neal is employed and resides in the Northern District. And the execution for Benjamin Ritchie is to be carried out in the Northern District. So while plaintiffs purport to ask for statewide relief, they are really asking for relief in only the Northern District of Indiana.

7. Moreover, Plaintiffs' request access to Indiana's executions by way of asking the Court for a declaratory judgment that Indiana Code Section 35-38-6-6(a) and the implementation of ISP 06-26 violate the First Amendment as well as an injunction restraining Defendants from enforcing Indiana Code Section 35-38-6-6(a) and ISP 06-26 against members of the press.

8. If relief is granted, Defendants would be responsible for ensuring that members of the press could attend this and any future executions, and that any injunctive relief is carried out. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) ("The proper defendant for an injunctive relief claim is the person who

'would be responsible for ensuring that any injunctive relief is carried out.'"). Warden Neal, as the Warden of Indiana State Prison where the execution is set to occur, is the defendant most likely to be responsible to ensure that any injunctive relief, if granted, is carried out. Those acts would be carried out in the Northern District.

9. Thus, while the Court has venue to hear Plaintiffs' complaint, the Court should transfer venue to the South Bend Division of the Northern District of Indiana for the convenience of the parties and witnesses because "a substantial part of the events or omissions giving rise to the claim occurred" in the Northern District of Indiana. 28 U.S.C. § 1391(b)(2).

WHEREFORE, the Court should transfer this action to the South Bend Division of the Northern District of Indiana.

Respectfully submitted,

THEODORE E. ROKITA
INDIANA ATTORNEY GENERAL
Attorney No. 18857-49

Date: May 8, 2025    By: */s/ Jefferson S. Garn*
Jefferson S. Garn
Deputy Attorney General
Attorney No. 29921-49
OFFICE OF ATTORNEY GENERAL TODD ROKITA
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN 46204-2770
Phone: (317) 232-5933 Fax: (317) 232-7979
Email: Jefferson.Garn@atg.in.gov

By: */s/ Adrienne Pope*
Adrienne Pope
Deputy Attorney General

Attorney No. 31911-49
OFFICE OF ATTORNEY GENERAL TODD ROKITA
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN 46204-2770
Phone: (317) 233-0878 Fax: (317) 232-7979
Email: Adrienne.Pope@atg.in.gov
