# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| THE ASSOCIATED PRESS, STATES NEWSROOM d/b/a Indiana Capital Chronicle, GANNETT CO., INC., CIRCLE CITY BROADCASTING I, LLC, and TEGNA INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> RON NEAL, *in his official capacity as the Superintendent of Indiana State Prison*, and LLOYD ARNOLD, *in his official capacity as the Commissioner of the Indiana Department of Correction*, <br><br> *Defendants*. | Case No. 1:25-cv-872-JMS-MJD |

## PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Pursuant to Fed. R. Civ. P. 65(a), Plaintiffs respectfully request that the Court issue a preliminary injunction enjoining Defendants from enforcing Indiana Code § 35-38-6-6(a), as applied to Plaintiffs, and requiring Defendants to permit Plaintiffs and other similarly situated members of the press to attend the May 20, 2025 execution of Benjamin Ritchie, and any additional executions carried out at Indiana State Prison that occur before judgment is entered in this case.

In support of this Motion, Plaintiffs state as follows:

1. On May 5, 2025, Plaintiffs filed the operative complaint in this action, challenging the constitutionality of Indiana Code § 35-38-6-6(a) and Defendants' implementation of that statute, including through a policy promulgated by the Indiana Department of Correction dated June 17, 2024 titled Indiana State Prison Facility Directive, ISP 06-26: Execution of Death Sentence ("ISP 06-26"). Indiana Code § 35-38-6-6(a) and ISP 06-26 provide no access to execution proceedings for members of the disinterested public, including their surrogates in the

press. They also treat some groups—namely, friends and relatives of the condemned, the spiritual advisor of the condemned, and relatives of the victim—more favorably than the press by permitting those groups to attend executions while denying that access to journalists.

2. Defendants have notice of this matter and this motion. Fed. R. Civ. P. 65(a). Counsel for Defendants entered appearances on May 8. ECF 11, 12. This Court issued its summons the same day. ECF 13. Plaintiffs served Defendants with the summons and complaint on May 12 and will file affidavits of service with this Court as soon as those can be prepared.

3. Plaintiffs are likely to prevail on the merits of their claims that (i) Indiana Code § 35-38-6-6(a) and ISP 06-26, as applied to Plaintiffs, violate their First Amendment right to attend criminal proceedings as members of and surrogates for the public, and (ii) Indiana Code § 35-38-6-6(a) and ISP 06-26, as applied to Plaintiffs, violate the Press Clause of the First Amendment by treating members of the press less favorably than some members of the public.

4. The start of the irreparable harm for which Plaintiffs seek relief will occur with the execution of Benjamin Ritchie, which is scheduled to take place between midnight and sunrise on May 20, 2025. *See Ritchie v. State*, 254 N.E.3d 1064, 1065 (Ind. 2025), *reh'g denied*, No. 24S-SD-342, 2025 WL 1248038 (Ind. Apr. 30, 2025).

5. Plaintiffs will suffer irreparable harm absent a preliminary injunction prior to the May 20, 2025 execution of Ritchie because the "loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Am. C.L. Union of Ill. v. Alvarez*, 679 F.3d 583, 589 (7th Cir. 2012) (citation omitted).

6. The balance of equities favors granting preliminary relief because "injunctions protecting First Amendment freedoms are always in the public interest." *Christian Legal Soc'y v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006).

7. The Court should issue a preliminary injunction without bond because Defendants will suffer no damages from an injunction against enforcement of an unconstitutional statute, *see All-Options, Inc. v. Att'y Gen. of Indiana*, 546 F. Supp. 3d 754, 770 (S.D. Ind. 2021), while requiring the posting of a bond would negatively impact Plaintiffs' ability to exercise their First Amendment rights.

8. Plaintiffs propose the following schedule for further proceedings in connection with this motion:

- Plaintiffs have filed their memorandum of law and accompanying evidence in support of their motion today, **May 12, 2025.**
- Defendants will submit their opposition(s) to Plaintiffs' motion on or before Thursday, **May 15, 2025**.

9. Plaintiffs have submitted a motion requesting expedited hearing concurrently with this motion. Plaintiffs propose that the Court set oral argument on or before **Friday, May 16, 2025**. Plaintiffs anticipate that one hour of total argument, split between both parties, will be sufficient.

10. Plaintiffs have conferred with Defendants regarding the schedule set forth above; Defendants stated that they oppose Plaintiffs' proposal.

11. Plaintiffs do not anticipate that jurisdictional discovery, or any discovery prior to the resolution of this motion, will be required. The necessity for discovery in later stages of this case will be largely determined by the interests Defendants assert to overcome the First Amendment rights asserted by Plaintiffs. Plaintiffs may also seek limited discovery regarding Defendants' policies for executions, including an unredacted version of ISP 06-26.

**WHEREFORE**, pursuant to Fed. R. Civ. P. 65(a), Plaintiffs respectfully request that the Court enter a preliminary injunction, without bond, restraining Defendants from enforcing Indiana Code § 35-38-6-6(a) and requiring Defendants to permit Plaintiffs and other similarly situated

members of the press to attend the May 20, 2025 execution of Benjamin Ritchie, and any future executions carried out at Indiana State Prison, during the pendency of this case.

Dated: May 12, 2025

                                                      */s/ Kristopher L. Cundiff*
Kristopher L. Cundiff
REPORTERS COMMITTEE FOR
 FREEDOM OF THE PRESS
PO Box 150
Fishers, IN 46038
Tel: (463) 271-4676
Fax: (202) 795-9310
kcundiff@rcfp.org

Lin Weeks*
Elizabeth J. Soja*
REPORTERS COMMITTEE FOR
 FREEDOM OF THE PRESS
1156 15th Street NW, Suite 1020
Washington, D.C. 20005
Tel: (202) 795-9300
Fax: (202) 795-9310
lweeks@rcfp.org
esoja@rcfp.org
*admitted pro hac vice*

*Counsel for Plaintiffs*