UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THE ASSOICATED PRESS, STATES NEWSROOM d/b/a Indiana Capital Chronicle, GANNETT CO., INC., CIRCLE CITY BORADCASTING I, LLC, and TEGNA INC.,<br>    *Plaintiffs*,<br>  v.<br>WARDEN RON NEAL, *in his official capacity as the Superintendent of Indiana State Prison,* and COMMISSIONER LLOYD ARNOLD, *in his official capacity as the Commissioner of the Indiana Department of Correction,*<br>    *Defendant*. | No. 1:25-cv-872-MPB-MJD |

**REPLY IN SUPPORT OF MOTION TO TRANSFER**

Plaintiffs oppose transfer to the Northern District of Indiana although they seek relief only in the Northern District. The plaintiffs also oppose a transfer because they fear it could delay resolution of their motion for a preliminary injunction. But that's a problem of the plaintiffs' own making. Plaintiffs also oppose the case because most of them are in Indianapolis, but this case is now in Evansville.

The Court should transfer this case to the Northern District.

Plaintiffs waited until May 5, 2025, to file their complaint, and then didn't file their motion for a preliminary injunction (dkt. 19) until around 10:30 p.m. on May 12 and their memorandum in support (dkt. 20) at 11:57 p.m. the same day. Plaintiffs waited to file their motion and supporting memorandum for 320 days after the State of Indiana first publicly sought to reinitiate executions, 227 days after the State

moved to set a date for Benjamin Ritchie's execution, 145 days after the last execution in Indiana, and until only seven days and three minutes before the scheduled initiation of the execution they now seek to enjoin. Plaintiffs give no reason why they waited so long to assert the rights they claim were recognized by the United States Supreme Court over 40 years ago and the Ninth Circuit Court of Appeals 23 year ago. Instead, they ask everyone else to comply with their schedule because of an artificial "emergency" of their own creation.

Plaintiffs challenge Indiana Code Section 35-38-6-6(a)—a statute that has permitted invited members of the public to witness Indiana executions since at least 1983–and Indiana State Prison Facility Directive ISP 06-26. Plaintiffs suggest that the factor of the location of material events and evidence "neither weighs in favor nor against transfer." Dkt. 22, p. 4. This is a baffling assertion. Any relief would be only in the Northern District. Plaintiffs want to rush a decision that, they say, "may depend in large part upon the Court taking judicial notice of how executions occurred historically not just in Indiana but throughout the country." Dkt. 22, p.4. If this case is to be heard as a real case and not as an advisory opinion, the facts surrounding the actual controversy will matter, not just the historical interest of executions "throughout the country." That will require the court to receive evidence from declarants and possible witnesses for what is undoubtedly a complicated issue that the plaintiffs acknowledge is an issue of first impression for the Seventh Circuit. Dkt. 21, p. 2.

But this isn't just a historical question or even an issue of the location of the parties. The "convenience of witnesses is often viewed as the most important factor

in the transfer balance" *L. Bull. Pub., Co. v. LRP Publications, Inc.*, 992 F. Supp. 1014, 1018 (N.D. Ill. 1998). And it's not a question of which party "produces a longer witness list," but rather "the nature and quality of the witnesses' testimony with respect to the issues of the case." *Id.*

Plaintiffs do not dispute that their core concern arises out of the Northern District of Indiana. Indeed, the plaintiffs take issue with Indiana State Prison's Directive, a prison located in the Northern District. Warden Ron Neal is employed and resides in the Northern District. And the execution for Benjamin Ritchie is to be carried out in the Northern District. Past executions in Indiana have been carried out in the Northern District, including the most recent execution in December 2024, as will the future executions about which the Plaintiffs seek relief. Any testimony about the relief will necessarily come from either Warden Neal or others at the Indiana State Prison in Michigan City, Indiana. As noted in the motion to transfer, courts generally consider the availability of and access to witnesses, and each party's access to and distance from resources in each forum. *See, e.g., Schumacher v. Principal Life Insurance Co.*, 665 F.Supp.2d 970, 977 (N.D. Ind. 2009); *Jaramillo v. DineEquity, Inc.*, 664 F.Supp.2d 908, 913–15 (N.D. Ill. 2009). Now the case is in Evansville, and that is a five-hour drive from the Indiana State Prison.

Plaintiffs give further reasons for keeping the case in the Southern District, namely that the "majority of Plaintiffs are located here"—here meaning Indianapolis—and Commissioner is in Indianapolis, the Office of the Attorney General is in

3

Indianapolis, and that "Indianapolis is also substantially easier to travel to for Plaintiffs' counsel than South Bend." Dkt. 22, p. 3. Now that the case has been transferred to the Evansville District, none of those arguments favor keeping the case in the Southern District with Indianapolis being approximately equidistant from Evansville and South Bend.

There's also the nature of the relief requested. Plaintiffs ask for declaratory and injunctive relief. And Defendants, as well as their employees located in the Northern District, would be responsible for ensuring that members of the press could attend this and any future executions, and that any injunctive relief is carried out. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). All of that would happen in the Northern District. There is the practical aspect that should be kept in mind: a court in the Northern District would be in a much better place to enforce and monitor any injunctive relief because that court would be "closer to the action." *L. Bull. Pub., Co. v. LRP Publications, Inc.*, 992 F. Supp. 1014, 1021 (N.D. Ill. 1998).

For these reasons, the Court should transfer this case to the Northern District of Indiana.

Respectfully submitted,

THEODORE E. ROKITA
INDIANA ATTORNEY GENERAL
Attorney No. 18857-49

Date: <u>May 13, 2025</u>    By:  */s/ Jefferson S. Garn*
Jefferson S. Garn
Deputy Attorney General
Attorney No. 29921-49
OFFICE OF ATTORNEY GENERAL TODD ROKITA
Indiana Government Center South, 5th Floor

4

302 West Washington Street
Indianapolis, IN 46204-2770
Phone: (317) 232-5933 Fax: (317) 232-7979
Email: Jefferson.Garn@atg.in.gov

By: */s/ Adrienne Pope*
Adrienne Pope
Deputy Attorney General
Attorney No. 31911-49
OFFICE OF ATTORNEY GENERAL TODD ROKITA
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN 46204-2770
Phone: (317) 233-0878 Fax: (317) 232-7979
Email: Adrienne.Pope@atg.in.gov