UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THE ASSOCIATED PRESS,<br>STATES NEWSROOM d/b/a INDIANA<br>CAPITAL CHRONICLE,<br>GANNETT CO., INC.,<br>CIRCLE CITY BROADCASTING I, LLC,<br>TEGNA INC.,<br><br>               Plaintiffs,<br><br>          v.<br><br>RON NEAL in his official capacity as the<br>Superintendent of Indiana State Prison,<br>LLOYD ARNOLD in his official capacity as the<br>Commissioner of the Indiana Department of<br>Correction,<br><br>               Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   No. 1:25-cv-00872-MPB-MJD<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER DENYING DEFENDANTS' MOTION TO TRANSFER

Plaintiffs The Associated Press, States Newsroom d/b/a Indiana Capital Chronicle, Gannett Co., Inc., Circle City Broadcasting I, LLC, and Tegna Inc. (collectively, "Plaintiffs") are media outlets that wish to cover an upcoming execution at the Indiana State Prison. They sued Defendants Ron Neal and Lloyd Arnold (collectively, "Defendants"), seeking declaratory relief that Indiana law and corresponding Department of Corrections regulations unconstitutionally prohibit members of the media from witnessing an execution. Now before the Court is Defendants' Motion to Transfer this case to the Northern District of Indiana. (Docket No. 14). For the reasons stated herein, Defendants' Motion (Docket No. 14) is **DENIED**.

    **I.**    **Background**

Plaintiffs are a collection of newspapers and digital news media networks. (Docket No. 9 at ECF pp. 2–3). They publish newspapers such as the Associated Press, the Capital Chronicle,

and the Indianapolis Star, and broadcast on networks including WISH-TV and WTHR-13. (*Id.*). Plaintiffs are either headquartered in Indianapolis or maintain a substantial presence in the state's capitol. (Docket No. 22 at ECF p. 3).

Defendant Ron Neal is the Superintendent of Indiana State Prison. (Docket No. 9 at ECF p. 3). Defendant Lloyd Arnold serves as the Commissioner of the Indiana Department of Corrections. (*Id.*). Plaintiffs allege that Defendant Arnold "is authorized to adopt rules and regulations governing execution protocols," and that Defendant Neal is tasked with "administer[ing]" Indiana Code and the regulations set forth by the Department of Corrections. (*Id.* at ECF pp. 3–4).

Relevant here, Plaintiffs "are in the business of regularly publishing newsworthy information and all employ journalists assigned to cover activities of Indiana's law enforcement, criminal justice system, and correctional institutions on a regular basis." (*Id.* at ECF p. 4). Recently, Plaintiffs have covered the scheduled execution of Benjamin Ritchie. (*Id.* at ECF pp. 4–6). Plaintiffs intend to send a reporter to witness and report on the execution of Ritchie but claim that their "proposed course of conduct" is prohibited by state statute and corresponding policy. (*Id.* at ECF p. 12). Specifically, Plaintiffs aver that Indiana Code § 35-38-6-6(a) and the Department of Corrections' implementing policy, ISP 06-26, deny their reporters "access to witness execution proceedings occurring in the state." (*Id.* at ECF p. 7). By not being able to attend and observe the execution, Plaintiffs claim that the statue and policy violate the First Amendment. (*Id.* at ECF pp. 13–18).

Plaintiffs filed their Complaint on May 5, 2025. (Docket No. 1). Defendants moved to transfer this case to the South Bend Division of the Northern District of Indiana, the district in which the execution will occur. (Docket No. 14). Plaintiffs then filed a Motion for Preliminary

2

Injunction (Docket No. 19) on May 12, for which a hearing is scheduled on May 16, (Docket No. 28).

## II. Discussion

Venue is considered proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located[.]" 28 U.S.C. § 1391(b)(1). Here, neither party contests that venue is proper in the Southern District of Indiana because both named defendants reside in Indiana, and Defendant Arnold resides in the Southern District. But even if venue is proper, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" 28 U.S.C. § 1404(a). Defendants ask the Court to transfer venue to the Northern District of Indiana under Section 1404(a).

As the movant, Defendants bear "the burden of establishing, by reference to particular circumstances, that the transferee forum is *clearly* more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986) (emphasis added). District courts traditionally consider four factors in deciding whether transfer is warranted: "(1) the convenience of the parties; (2) the convenience of the witnesses; (3) the situs (or location) of material events and access to proof; and (4) the interests of justice." *Collins v. City of Seymour*, No. 1:14-cv-1838, 2014 WL 279865, at *2 (S.D. Ind. Jan. 24, 2014) (citing *No Baloney Mktg., LLC v. Ryan*, No. 1:09-cv-0200, 2010 WL 1286720, at *10–12 (S.D. Ind. Mar. 26, 2010)). "As a general rule, a plaintiff's choice of forum is given significant weight and will not be disturbed unless the other factors weigh substantially in favor of transfer." *Ryan*, 2010 WL 1286720, at *10 (citing *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 664 (7th Cir. 2003)). An analysis of the four factors does not convince this Court that transfer should be granted.

### A. Convenience of the Parties

Plaintiffs begin by highlighting their ties to the Southern District of Indiana. For example, many of their publications and broadcasting networks operate out of Indianapolis, within the Southern District of Indiana. Those that are not headquartered in the Southern District, such as Plaintiff Gannett Co., Inc., have a substantial presence in the Southern District by way of their Indianapolis newspaper, the Indianapolis Star. As such, it is more convenient for Plaintiffs to have this case located in Indianapolis rather than South Bend. Moreover, Defendant Arnold resides in the Southern District. While Defendant Neal undoubtedly resides in the Northern District and a change of venue would be more convenient for him, "the effect of a transfer cannot be a mere shift of inconveniences among the parties." *Aearo Co. v. Bacou-Dalloz USA Safety, Inc.*, No. 1:03-cv-1406, 2004 WL 1629566, at *1 (S.D. Ind. July 21, 2004).

While Defendants, on reply, argue that this "case is in Evansville" post-reassignment, that is inaccurate. (Docket No. 29 at ECF p. 3). This case remains an Indianapolis Division case. The preliminary injunction hearing will take place in Evansville, Indiana, a location more inconvenient for parties residing in the Northern District. But that will not continue. The preliminary injunction hearing is set in Evansville because of the tight timeline of events in this case and need for a quick ruling. All future proceedings will take place in Indianapolis. As this case remains an Indianapolis, not Evansville, case, Defendants have not demonstrated that the Northern District would be more convenient for the parties such that this Court should disturb Plaintiffs' choice of forum. *See Commissioning Agents, Inc. v. Long*, 187 F.Supp.3d 980, 986 (S.D. Ind. 2016) (collecting cases and noting the "strong presumption in favor of the plaintiff's choice of forum").

### B. Convenience of Witnesses

The convenience of the witnesses "is often deemed the most important factor" in the transfer analysis. *Ryan*. 2010 WL 1286720, at *10 (citation and quotations omitted). It is primarily aimed to "address[] the availability of *non-party witnesses* to participate in trial, as courts assume that parties will be sufficiently motivated to have their own employees or other allies appear for trial wherever it is held." *Id.* (citing *Aearo Co.*, 2004 WL 1629566, at *2–3) (emphases added). Despite the importance of this factor, Defendants devote little attention to it in their briefing. On reply, Defendants note that "[a]ny testimony about" media access to executions "will necessarily come from either Warden Neal or others at the Indiana State Prison" in the Northern District. (Docket No. 29 at ECF p. 3). But Warden Neal is a named defendant, and other employees at the prison are "allies" that are likely to appear for trial, regardless of whether it is in South Bend or Indianapolis. *Ryan*, 2010 WL 1286720, at *10.

At bottom, Defendants do not point to concerns about the availability of non-party witnesses. Perhaps that is due to the timing of this action. Still, this lack of information does not favor transfer. *See id*. at *11 (acknowledging that defendant afforded "little weight" to this factor and weighing the factor "heavily against transfer"); *Aearo Co.*, 2004 WL 1629566, at *3 (noting the moving party offered "little in the way of potential non-party witnesses to support its motion to transfer" in denying the motion).

### C. Situs of Material Events and Access to Proof

Defendants focus most of their effort on the third factor. There is no doubt that the execution will take place in Michigan City, Indiana, which is in the South Bend Division of the Northern District. And as Defendants argue, Defendant Neal "would be responsible for ensuring that members of the press could attend this and any future executions" if the Court grants the

5

preliminary injunction. (Docket No. 29 at ECF p. 3). But the location of the execution is not the only relevant consideration related to the situs of events. Plaintiffs challenge that Defendant Arnold, as Commissioner of the Department of Corrections, would certainly be responsible for implementing any potential injunctive relief and changing internal rules and regulations. Thus, the "situs of material events" includes activity in both the Southern and Northern Districts. *Ryan*. 2010 WL 1286720, at *11. Any advantage to the Northern District is slight.

Moreover, courts also consider "the ease of access to sources of proof" under this factor. *Id.* (citing *Kalamazoo Realty Venture Ltd. P'ship v. Blockbuster Entm't Corp.*, 249 B.R. 879, 889 (N.D. Ill. 2000)). At this time, there is little information as to the kinds of proof that will be involved in this matter, though Plaintiffs assert that most evidence "is expected to be documentary or electronic in nature." (Docket No. 22 at ECF p. 4). Given that this case involves the constitutionality of a statute, Plaintiff's assertion seems likely. *See Long*, 187 F.Supp.3d at 989 ("Given the relative ease in transferring documentary evidence electronically, courts often consider neither forum to be more convenient on this basis."). Thus, the ease of access point is neutral, and the situs of material events slightly favors the Northern District.

### D. Interests of Justice

Finally, the Court considers whether the interests of justice would be better served in either district. This element of the analysis "relates to the efficient administration of the court system rather than the merits of the underlying dispute." *Id.* (citing *Coffey*, 796 F.2d at 220–21). Factors include the access to speedy trials and having a judge familiar with the applicable law. *Coffey*, 796 F.2d at 221. Here, there is no indication that transferring this case to the Northern District would facilitate the interests of justice any more than keeping it in the Southern District. Additionally, the Court is conscious of the time-sensitive nature of this case. While the timing

6

issue is one of Plaintiffs' own creation, the Court is hesitant to transfer this case given Plaintiffs' pending Motion for Preliminary Injunction. (Docket No. 19). As such, the interests of justice favor venue in the Southern District.

### III. Conclusion

For the foregoing reasons, Defendants have not shown that transferring this case to the Northern District of Indiana would be "*clearly* more convenient." *Coffey*, 796 F.2d at 720 (emphasis added). Defendants' Motion to Transfer (Docket No. 14) is thus **DENIED**.

**IT IS SO ORDERED.**

Dated: May 14, 2025

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Distribution:

Served electronically on all ECF-registered counsel of record.